IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRIAN SCOTT FENLON**,

    Plaintiff,

v.

**COLETTE PETERS, GUY HALL,** and **ANDY ALVARADO**,

    Defendants.

Case No. 6:15-cv-397-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Brian Scott Fenlon is a prisoner in the Santiam Correctional Institution. Plaintiff brings *pro se* claims against Defendants, alleging violations of 42 U.S.C. § 1983, the federal Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15602, *et seq*, and the Eighth Amendment. Defendants Colette Peters and Guy Hall move to dismiss the claims against them. For the reasons discussed below, Defendants Peters and Hall's motion is granted.

## STANDARDS

    A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

PAGE 1 – OPINION AND ORDER

and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe pro se complaints and motions from prisoners. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

## BACKGROUND

Plaintiff participated in the electrician apprenticeship program at Santiam Correctional Institution. Defendant Alvarado was allegedly employed by the Oregon Department of Corrections as the journeyman electrical instructor for the apprenticeship program. Plaintiff alleges that sometime between February 24, 2014 and March 4, 2014, Plaintiff was bending over and Defendant Alvarado grabbed Plaintiff's hips and thrust into Plaintiff's backside three or four times, making contact between Mr. Alvarado's clothed genitals and Plaintiff's clothed anus. Plaintiff further alleges that Mr. Alvarado stated to Plaintiff "now you got me all worked up, I need to go home and pound my wife." This alleged incident occurred before witnesses. Plaintiff seeks one million dollars in compensation.

## DISCUSSION

Plaintiff asserts a claim under the PREA. This claim is dismissed with prejudice because there is no private right of action under the PREA. *See Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (citing cases); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (citing cases).

Plaintiff's Eighth Amendment claim is brought under section 1983. Plaintiff asserts vicarious liability claims against Defendants Peters and Hall, alleging that they are liable for Defendant Alvardo's conduct because of their role as supervisors at the Department of Corrections. Liability under Section 1983, however, "arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted); *see also Maxwell v. Cnty. of San Diego*, 706 F.3d 1075, 1086 (9th Cir. 2013) ("A supervisor is liable under § 1983 for a

PAGE 3 – OPINION AND ORDER

subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" (quoting *Taylor*, 880 F.2d at 1045)).

Plaintiff does not allege facts from which it can plausibly be inferred that Ms. Peters or Mr. Hall were personally involved in Mr. Alvarado's conduct, directed that conduct, or knew about it and failed to act to prevent it. Thus, Plaintiff fails to state a claim for a violation of section 1983 against Defendants Peters and Hall. Because it is not "absolutely clear" that Plaintiff could not cure this deficiency, Plaintiff has leave to file an amended complaint if he can plausibly state a claim under section 1983 against Defendants Peters or Hall. *Karim-Panahi*, 839 F.2d at 623. Plaintiff's section 1983 claim against Defendant Alvarado[1] is not dismissed and, thus, Plaintiff's case is not dismissed in its entirety.

## CONCLUSION

The motion to dismiss by Defendants Peters and Hall (Dkt. 15) is GRANTED. Plaintiff's claim under the Prison Rape Elimination Act is dismissed with prejudice. Plaintiff's remaining claims against Defendants Peters and Hall are dismissed without prejudice. If Plaintiff can cure the deficiencies identified in this Opinion, Plaintiff may file an amended complaint within 45 days from the date of this Opinion.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] The Court notes that Plaintiff has yet to return the documents for service of process against Mr. Alvarado, pursuant to the Court's Order dated July 28, 2015 (Dkt. 21). If such documents are not timely returned, Plaintiff's claims against Mr. Alvarado may be dismissed for lack of prosecution.