IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIAN SCOTT FENLON**, | Case No. 6:15-cv-397-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COLETTE PETERS, GUY HALL,** and **ANDY ALVARADO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Brian Scott Fenlon is a prisoner in the Santiam Correctional Institution. Plaintiff brings *pro se* claims against Defendant Andy Alvarado ("Alvarado"),[1] alleging violations of 42 U.S.C. § 1983 and the federal Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15602, *et seq*. Alvarado moves to dismiss the claims against him on the grounds that Plaintiff failed timely to serve Alvarado and that Plaintiff's allegations fail properly to state a claim for relief. For the reasons discussed below, Alvarado's motion is granted in part and denied in part.

---

[1] The claims against Defendants Colette Peters and Guy Hall were dismissed by the Court on August 25, 2015.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe pro se complaints and motions from prisoners. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). "A pro se litigant must be given leave to

PAGE 2 – OPINION AND ORDER

amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

## BACKGROUND

Plaintiff participated in the electrician apprenticeship program at Santiam Correctional Institution. Alvarado was allegedly employed by the Oregon Department of Corrections as the journeyman electrical instructor for the apprenticeship program. Plaintiff alleges that sometime between February 24, 2014 and March 4, 2014, Plaintiff was bending over and Defendant Alvarado grabbed Plaintiff's hips and thrust into Plaintiff's backside three or four times, making contact between Alvarado's clothed genitals and Plaintiff's clothed anus. Plaintiff further alleges that Mr. Alvarado stated to Plaintiff "now you got me all worked up, I need to go home and pound my wife." This alleged incident occurred before witnesses. Plaintiff seeks one million dollars in compensation.

## DISCUSSION

### A. Dismissal for failure timely to serve

Defendant moves to dismiss this case not timely served under Federal Rule of Civil Procedure 4(m) because Plaintiff did not serve Alvarado until after the 120-day period established in Rule 4(m) had expired.[2] Plaintiff filed his complaint on March 9, 2015. Plaintiff's application to proceed *in forma pauperis* was granted by the Court on April 23, 2015. When a plaintiff proceeds *in forma pauperis*, the Court provides to the plaintiff blank copies of the Summons and necessary documents for service of process, requests the plaintiff return those

---

[2] Rule 4(m) was amended, effective December 1, 2015, shortening the time for service to 90 days. This amendment is not relevant to Alvarado's motion to dismiss.

PAGE 3 – OPINION AND ORDER

documents to the Clerk of the Court, and orders the U.S. Marshals Service to effectuate the service of process after the documents have been returned.

Here, before providing Plaintiff with the service documents to complete and return, the Court sought a waiver of service on all three Defendants. This is routinely done in cases such as Plaintiff's to save Court and U.S. Marshals Service resources. On June 19, 2015, the waiver of service was returned for Defendants Guy Hall and Colette Peters. Waiver of service for Alvarado was declined. Accordingly, on July 28, 2015, the Court forwarded to Plaintiff the Summons and U.S. Marshals Service instruction forms to complete so that process could be issued and service of process could be effectuated on Alvarado. The Court ordered Plaintiff to return these service documents within forty-five days from the date of the Order, which resulted in a deadline of September 11, 2015. The Court furthered ordered that upon receiving the documents from Plaintiff, the Clerk of the Court would issue process as to Alvarado and the U.S. Marshals Service would effectuate service. Plaintiff timely returned the service documents, the Summons as to Alvarado was issued on September 11, 2015, and Alvarado was served by the U.S. Marshals Service on September 28, 2015.

The Court has discretion under Rule 4(m) to extend the time for service and the Court did so by permitting Plaintiff to return his service documents on or before September 11, 2015, with the understanding that service would then require additional time to be effectuated by the U.S. Marshals Service. Because Plaintiff complied with the Court's Order and timely returned the service documents, service on Alvarado was timely. Moreover, the Court notes that Alvarado and his counsel were aware of this lawsuit well before it was served, in August counsel for Alvarado expressly declined to waive service of process, thereby requiring the expenditure of Court Clerk and U.S. Marshals Service resources, and despite being asked by the Court, counsel

PAGE 4 – OPINION AND ORDER

for Alvarado failed to provide the Court with Alvarado's address so that the U.S. Marshals Service could serve Alvarado. The Court had to obtain Alvarado's address from the Oregon Department of Justice. In light of these facts, Alvarado's motion to dismiss this case for lack of timely service is not well taken.

**B. Failure to state a claim**

Alvarado moves to dismiss Plaintiff's claim under the PREA. This claim is dismissed with prejudice because there is no private right of action under the PREA. *See Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (citing cases); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (citing cases).

Alvarado also moves to dismiss Plaintiff's claim under 42 U.S.C. § 1983. To state a claim for relief under Section 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was committed under color of state law. *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). Plaintiff alleges that Alvarado violated Plaintiff's rights under the Eighth Amendment.

Alvarado argues that the facts alleged by Plaintiff do not show that Alvarado was acting under the color of state law because his alleged actions were not within the scope of his employment. It appears that Alvarado is arguing that the alleged sexual misconduct by Alvarado cannot be in the scope of his employment because he was not hired to engage in sexual misconduct. This argument is unavailing.

"An individual acts under color of state law when he or she exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991) (noting that "'[i]t is firmly established that a defendant in a § 1983

PAGE 5 – OPINION AND ORDER

suit acts under color of state law *when he abuses the position given to him by the state*'" (alteration and emphasis in original) (quoting *West v. Atkins*, 487 U.S. 42, 49–50 (1988))). Thus, "a state employee who is on duty . . . typically acts under color of state law. That is true even if the employee's offensive actions were illegal or unauthorized." *Naffe*, 789 F.3d at 1037; *see also McDade v. West*, 223 F.3d 1135, 1137 (9th Cir. 2000) (finding that a County employee who illegally used a computer database to locate her husband's ex-wife who was living in a battered woman's shelter was acting under the color of law because she "abused her responsibilities and purported or pretended to be a state officer during the hours in which she accessed the computer"); *Dang Vang*, 944 F.2d at 479 (upholding jury verdict that a state employee was acting under color of law for purposes of Section 1983 because he came into contact with the women he sexually assaulted through his employment with the state and the jury could have found that he raped the women "during a meeting related to the provision of services pursuant to his state employment").

    Here, Plaintiff alleges that Alvarado was an employee of the Department of Corrections, employed as the journeyman instructor for the prison's electrician apprenticeship program. Plaintiff further alleges that he was sexually assaulted by Alvarado during the work hours of this apprenticeship program, while Alvarado was on duty. These allegations sufficiently allege that Alvarado was acting under the color of state law. Regardless of the fact that Alvarado was not hired to assault inmates, he allegedly engaged in the misconduct while on duty, during an instruction program related to his provision of services pursuant to his employment, and through access to Plaintiff obtained via Alvarado's employment with the state, all in an abuse of the position given to him by the state to provide electrical instruction to inmates.

## CONCLUSION

The amended motion to dismiss by Defendant Alvarado (Dkt. 34) is GRANTED IN PART AND DENIED IN PART. Defendant Alvarado's motion is granted with respect to Plaintiff's claim under the Prison Rape Elimination Act, which is dismissed with prejudice. Defendant Alvarado's motion is denied with respect to Plaintiff's Section 1983 claim.

**IT IS SO ORDERED**.

DATED this 23rd day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge