IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIAN SCOTT FENLON**, | Case No. 6:15-cv-397-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COLETTE PETERS, GUY HALL,** and **ANDY ALVARADO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Before this court is plaintiff's motion for appointment of counsel. Dkt. 39. For the reasons set forth below, plaintiff's motion is DENIED.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). While this court may appoint volunteer counsel in

exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff seeks appointment of counsel to assist him in responding to Defendant's discovery requests. On December 23, 2015, the Court granted in part and denied in part Defendant Andy Alvarado's[1] motion to dismiss, allowing Plaintiff's claim under 42 U.S.C. § 1983 to move forward. Accordingly, engaging in discovery is appropriate. Discovery is a routine part of civil litigation and if the fact that discovery was requested constituted exceptional circumstances to appoint counsel, then counsel would need to be appointed in nearly all civil cases. Additionally, given the allegations in this case and what would constitute relevant evidence, there appears to be minimal risk of an inadvertent production of privileged material. The Court also notes that if Plaintiff believes in good faith that a document is responsive to Defendant's discovery requests but is privileged or otherwise not discoverable, Plaintiff may withhold that document and provide a privilege log to Defendant. If Defendant believes the document is discoverable, Defendant can file a motion with the Court and the Court will review the information and decide its discoverability. Considering the facts of this case, the Court does

---

[1] Defendants Colette Peters and Guy Hall have been dismissed from this action. Thus, the only remaining Defendant is Andy Alvarado.

PAGE 2 – OPINION AND ORDER

not find exceptional circumstances exist to appoint counsel for the limited purpose of assisting Plaintiff in responding to Defendant's discovery requests.

Plaintiff also appears to seek an all-purposes appointment of counsel and notes that a medical expert witness may be needed. In considering an all-purposes appointment, the Court finds that Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Further, at this stage of the proceeding, plaintiff has yet to demonstrate a likelihood of success on the merits by showing that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *see also Boddie v. Schnieder*, 105 F.3d 857, 861-862 (2d Cir. 1997). Accordingly, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## CONCLUSION

Based on the foregoing, plaintiff's motion for appointment of counsel (Dkt. 39) is DENIED.

**IT IS SO ORDERED**.

DATED this 7th day of January, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge