IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIAN SCOTT FENLON**, | Case No. 6:15-cv-397-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COLETTE PETERS, GUY HALL,** and **ANDY ALVARADO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Before this court is Plaintiff's motion for appointment of counsel. ECF 59. For the reasons set forth below, Plaintiff's motion is GRANTED.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). While this court may appoint volunteer counsel in

PAGE 1 – OPINION AND ORDER

exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

There is one claim under 28 U.S.C. § 1983 remaining in this case. That claim is whether the alleged conduct of Andy Alvarado in grabbing Plaintiff on the hips while Plaintiff was bent over, thrusting Mr. Alvarado's clothed penis onto Plaintiff's clothed anus several times, and making comments in front of other inmates to the effect that Mr. Alvarado was "worked up" and now must go home and "pound" his wife constitutes an Eighth Amendment violation.

"Sexual harassment or sexual abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). Notably, however, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (alteration in original) (quoting *Hudson*, 503 U.S. at 8). In determining whether conduct is objectively unreasonable, courts must consider "the evolving standards of decency that mark the progress of a maturing

society," keeping in mind that "[t]he objective component of an Eighth Amendment claim is therefore contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8 (quotation marks omitted).

Cases alleging the sexual harassment of a prisoner, involving alleged inappropriate sexual touching or sexually inappropriate comments "require a careful assessment of the unique circumstances of each case." *Johnson v. Carroll*, 2012 WL 2069561, at *28 (E.D. Cal. June 7, 2012), *report and recommendation adopted*, 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012). Claims premised only on alleged verbal sexual harassment or involving only brief inappropriate contact without verbal comments causing public humiliation are generally found to be noncognizable. *Id.* at *28-29 (citing cases).

Here, however, Plaintiff alleges brief inappropriate touching and inappropriate sexually-charged comments, made in front of other inmates. As explained by the Second Circuit in considering a prisoner's claim for sexual harassment and abuse:

> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment. Similarly, if the situation is reversed and the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident because there can be no penological justification for such contact.
>
> In determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate.
>
> * * *

PAGE 3 – OPINION AND ORDER

> Under *Boddie*, no amount of gratuitous or sexually-motivated fondling of an inmate's genitals—even if limited in duration or conducted through the inmate's clothes, as was the case here—is permitted by the Constitution.

*Crawford v. Cuomo*, 796 F.3d 252, 257-58 (2d Cir. 2015) (citations omitted). Although the Court previously denied Plaintiff's motion for appointment of counsel, at this stage in the proceedings the Court finds that the factual and legal issues in this case are complex enough to warrant appointment of counsel.

## CONCLUSION

Plaintiff's motion for appointment of counsel (ECF 59) is GRANTED. The Clerk of the Court is directed to appoint pro bono civil counsel from the volunteer panel of attorneys.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER